UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREEN MOUNTAIN ELECTRIC SUPPLY
INC.,

                            **Plaintiff,**

  vs.                                    1:24-CV-00874
                                                     (MAD/DJS)

ZERO DISTRIBUTION LLC,

                            **Defendant.**
_____

APPEARANCES:                                   OF COUNSEL:

**HARRIS BEACH MURTHA CULLINA**      **DEANA J. DIBENEDETTO, ESQ.**
**PLLC**                                           **MEAGHAN FEENAN, ESQ.**
677 Broadway - Suite 1101
Albany, New York 12207
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On July 12, 2024, Plaintiff Green Mountain Electric Supply, Inc. commenced this action against Defendant Zero Distribution LLC, bringing claims for breach of contract, unjust enrichment, account stated, quantum meruit, and promissory estoppel. *See* Dkt. No. 1. On August 28, 2024, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default. *See* Dkt. No. 6. The Clerk of the Court entered the requested default against Defendant on August 29, 2024. *See* Dkt. No. 7. On September 4, 2024, Plaintiff filed a motion for default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.2(b). *See* Dkt. No. 9. Defendant has not appeared in this action and the pending motion for default

1

judgment is unopposed. For the reasons set forth below, Plaintiff's motion is granted as to liability and denied without prejudice as to damages, prejudgment interest, and costs.

## II. BACKGROUND

Plaintiff provides, among other things, "innovative and renewable energy solutions and serves as an electrical products wholesaler." Dkt. No. 1 at ¶ 6. Defendant sells energy related products. *See id.* at ¶ 7. On August 29, 2022, the parties entered into Purchase Order No. P1287079 and Defendant agreed to provide certain products to Plaintiff in exchange for $377,784 (hereinafter, the "Purchase Order"). *See id.* at ¶ 9. On September 9, 2022, Plaintiff entered into an agreement with Yellowpay, Inc., a financial software company that provides payment platforms for businesses. *See id.* at ¶¶ 8, 10. Yellowpay agreed to facilitate payment from Plaintiff to Defendant pursuant to the Purchase Order. *See id.* at ¶ 11. As confirmed by Yellowpay, over three installments, Plaintiff made payment on the Purchase Order to Defendant in full, fulfilling its obligation to pay $377,784. *See id.* at ¶¶ 12-13. Plaintiff received only a portion of the Purchase Order from Defendant, for products with a total value of $154,548. *See id.* at ¶ 14.

In February 2023, Defendant indicated that it no longer had the materials to complete the Purchase Order in a timely manner and the parties agreed to cancel the remainder. *See id.* at ¶¶ 15-16. Pursuant to a Return Goods Authorization invoice, Defendant agreed to refund the remaining $223,236 balance paid by Plaintiff for products not received. *See id.* at ¶ 16; Dkt. No. 1-1. To date, Plaintiff has received $100,000 in refund payments, however, $123,236 remains due and owing from Defendant to Plaintiff. *See* Dkt. No. 1 at ¶ 17. Defendant has acknowledged the debt owed to Plaintiff, but did not respond to two demand letters sent by Plaintiff's counsel. *See id.* at ¶¶ 18-22.

Plaintiff brings causes of action for breach of contract, unjust enrichment, account stated, quantum meruit, and promissory estoppel to recover the principal amount of $123,236, plus interest, costs, and disbursements. *See id.* at ¶¶ 26-60.[1]

### III. DISCUSSION

**A.     Subject Matter Jurisdiction**

Before reaching the merits of Plaintiff's claims, the Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims." *Centra Dev. Ltd. v. Jewish Press Inc.*, No. 16 CV 6737, 2018 WL 1788148, *5 (E.D.N.Y. Feb. 20, 2018) (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)).

The complaint alleges that "Defendant was and is a limited liability company [("LLC")] organized and existing under the laws of the State of Florida, with its principal place of business at 180 State Street, Suite #225, Southlake, Texas, United States, 76092." Dkt. No. 1 at ¶ 3. Such allegations fail to allege the citizenship of the member or members of the Defendant LLC. *See* Dkt. No. 16 at 3 ("'A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of [an LLC] and the place of incorporation and principal place of business of any corporate entities who are members of the [LLC]'") (quoting *New*

---

[1] Although the complaint references a total of $123,326 due and owing, *see* Dkt. No. 1 at ¶¶ 21, 25, 30, the record indicates that a balance of $223,236 was due as of April 29, 2022, and, crediting the alleged $100,000 in refunds, the correct calculation would result in a balance of *$123,236* due and owing, *see* Dkt. No. 1-1 at 2; Dkt. No. 1 at ¶¶ 12-17.

3

*Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10-CV-00046, 2010 WL 1257325, *1 (S.D.N.Y. Mar. 26, 2010)). Thus, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See id.* at 4.

Plaintiff filed a declaration which states that Defendant is an LLC organized and existing under the laws of Florida, with its principal place of business in Texas, and that is two members are citizens of Indiana and Idaho. *See* Dkt. No. 17 at ¶¶ 19, 25-28, 32, 34, 35, 37. As alleged in the complaint, Plaintiff is a foreign business corporation licensed to do business in the State of New York with an office in Clifton Park, New York, and organized and existing under the laws of the State of Vermont, with its principal place of business at 356 Rathe Road, Colchester, Vermont, 05446. *See* Dkt. No. 1 at ¶ 2. Accordingly, the Court is now satisfied that Plaintiff has met its burden of demonstrating complete diversity between the parties, and finds that the Court has subject matter jurisdiction.

**B.    Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." *Id.* (quotation and internal quotation marks omitted); *see* Fed. R. Civ. P. 55(a). Local Rule 55.1 requires the party requesting an entry of default to submit an affidavit showing that the party against whom judgment is sought is "not an infant, in the military, or an incompetent person," that the party has "failed to plead or otherwise defend the action," and that the party has been "properly served the pleading" without responding. N.D.N.Y. L.R. 55.1.

"'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Simmons*, 2012 WL 685498, at *2 (quotation omitted). Local Rule 55.2(b) requires the moving party to (1) accompany a default judgment motion with the clerk's certificate of default, the complaint, and a proposed form of default judgment; and (2) submit an affidavit attesting that the defendant is neither an infant nor incompetent, is not serving with the armed forces of the United States, and has defaulted in appearance in this action, that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure, and the amount shown is justly due and owing. *See* N.D.N.Y. L.R. 55.2(b).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). However, because conclusions of law are not admitted by the defaulting party, "a district court 'need not agree that the alleged facts constitute a valid cause of action.'" *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quotation omitted). Thus, "[o]nly after the district court is convinced that the facts meet the elements of the relevant cause of action—whether those facts are established by well-pleaded allegations or proven by admissible evidence—may the district court enter a default judgment." *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024).

"A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)). "[A] court may rely upon affidavits and documentary evidence" to evaluate the sum of damages

5

in a default judgment, as it does in this case. *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008); *see also Action S.A. v. Marc Rich & Co.*, 951 F. 2d 504, 508 (2d Cir. 1991) (upholding an award of damages in a default judgment without a hearing as the district judge was "inundated with affidavits, evidence, and oral presentations by opposing counsel").

**C.     Procedural Prerequisites**

Plaintiff has satisfied the procedural prerequisites for obtaining a default judgment. Plaintiff submitted an application to the Clerk of the Court, in compliance with the Federal and Local Rules, establishing that Defendant is not an infant, in the military, or an incompetent person; Defendant has failed to plead or otherwise defend the action; and Plaintiff has properly served the pleadings to which Defendant has not responded. *See* Dkt. No. 6. Default was entered by the Clerk of the Court on August 29, 2024. *See* Dkt. No. 7.

Further, Plaintiff has complied with Rule 55(b). In support of its motion for default judgment, Plaintiff has submitted the Clerk's certificate of entry of default, a proposed form default judgment, a copy of Plaintiff's complaint, an affidavit of service of the complaint, and an affidavit in support of its motion. *See* Dkt. No. 9. Having found that Plaintiff has complied with the procedural requirements, the Court turns to the substance of Plaintiff's motion.

**D.     Choice of Law**

The Court must determine what law should apply to Plaintiff's claims. *See D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395, 407 (E.D.N.Y. 2015) ("As an initial matter, the Court must determine what law should be applied to the Plaintiff's common law breach of contract and equitable claims for unjust enrichment and quantum meruit"). A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor*

*Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *see also Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) ("A federal court sitting in diversity applies the choice-of-law rules of the forum state") (citation omitted).  In a contract dispute, New York courts will generally honor a choice-of-law provision in an agreement.  *See Royal Dispatch Servs., Inc. v. UBS Fin. Servs., Inc.*, No. 12 CV 2032, 2012 WL 3113291, *2 n.4 (E.D.N.Y. July 31, 2012) ("New York law generally honors contractual choice-of-law provisions") (citing *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996)).  Here, however, Plaintiff has not furnished the Purchase Order and, thus, the Court is unable to review it for a choice-of-law clause.  As such, the Court turns to other New York choice-of-law principles in evaluating which state's law applies.

The relevant jurisdictions implicated are New York, where Plaintiff resides and the products were delivered, Vermont, where Plaintiff's principal place of business is located, Florida where Defendant LLC is organized, and Texas, where Defendant LLC maintains its principal place of business.  *See* Dkt. No. 1 at ¶¶ 2-3.  Plaintiff makes no argument as to which state's law should apply, and the only two cases it cites in its Declaration in Support of the pending motion are New York federal cases.  *See* Dkt. No. 9-1 at ¶¶ 24-25.

Where, as here, the parties do not raise choice-of-law as an issue, "it can be said that they have consented to the application of the forum state's law."  *Mangual v. Pleas*, No. 02 CIV. 8311, 2005 WL 2179083, *2 n.1 (S.D.N.Y. Sept. 8, 2005) (citing *Clarkson Co. Ltd. v. Shaheen*, 660 F.2d 506, 512 n.4 (2d Cir. 1981)); *see also Jin Young Chung v. Yoko Sano*, No. 10 CV 2301, 2011 WL 1303292, *7 (E.D.N.Y. Feb. 25, 2011) (finding New York law applies where plaintiff "has not taken any position as to what law . . . should apply" and the defendant defaulted), *report and recommendation adopted sub nom. Jin Yung Chung v. Sano*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011).  Similarly, where the parties assume one state's law applies, "implied consent . . . is

7

sufficient to establish choice of law." *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (citation omitted); *see also Henneberry v. Sumitomo Corp. of Am.*, No. 04 CIV. 2128, 2005 WL 991772, *5 n.3 (S.D.N.Y. Apr. 27, 2005) ("Where the parties so assume, the Court need not address choice of law *sua sponte*") (citation omitted). Here, as Plaintiff makes no choice-of-law argument but cites to New York cases in its submissions, and as Defendant has proffered no argument to the contrary by virtue of its default, the Court applies New York law to this action.[2]

### E.   Liability

#### *1. Breach of Contract*

"To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)); *see 34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52 (2022) (discussing the elements of a breach of contract claim).

Here, Plaintiff has pled sufficient facts to allege the existence of a valid contract between Plaintiff and Defendant, that Plaintiff performed its obligations, and sufficient facts to support a finding that Defendant breached that contract by failing to provide all of the products under the Purchase Order and by failing to provide Plaintiff a refund for payments made for products that

---

[2]   The Court reserves its ability to re-evaluate the applicable state law upon Plaintiff's renewed application for damages. The law applicable to this action may subsequently change in the event the Court is furnished with the Purchase Order and it contains a choice-of-law clause that requires the application of another state's law. If this occurs, the Court may need to supplement the analysis contained herein to account for application of a different state's substantive law. Plaintiff's submission of the contract at issue or a memorandum of law presenting argument regarding choice-of-law, in conjunction with the present motion, would have obviated the necessity of protracted analysis and possible re-analysis of this issue.

were not received. *See* Dkt. No. 1 at ¶¶ 9-30. According to the complaint, after Plaintiff provided $377,784 in payments, Defendant delivered products with a total value of $154,548. *See id.* at ¶¶ 12-14. Thereafter, Defendant indicated it could not complete the remainder of the contract, the parties agreed to cancel the remainder and Defendant consented to refund Plaintiff the $223,236 balance paid by Plaintiff for which products were not received. *See id.* at ¶¶ 15-16. Defendant returned $100,000 to Plaintiff but has failed to refund the $123,236 balance that remains due and owing. *See id.* at ¶ 17. Accordingly, the Court finds that Plaintiff has sufficiently pled that Defendant is liable for breach of contract.

### 2. Other Claims

As for Plaintiff's other claims, the Court finds such claims, which arise from the same facts and seek the same damages, are duplicative of Plaintiff's breach of contract claim. *See NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) ("[C]laims are duplicative of one another if they 'arise from the same facts . . . and do not allege distinct damages'") (quotation and other citation omitted). As the Court has found that Plaintiff sufficiently pled the existence of valid contracts through the acknowledged invoices and the breach thereof, the Court denies Plaintiff's motion for default judgment on its claims for unjust enrichment, account stated, quantum meruit, and promissory estoppel. *See Asesoral Bus. Partners LLC v. Seatech Worldwide Corp.*, No. 19-CV-11512, 2021 WL 918256, *7 (S.D.N.Y. Mar. 10, 2021) (declining to enter default judgment on promissory estoppel claim after finding it to be duplicative of a breach of contract claim); *Skyline Restoration, Inc. v. Great Am. Restoration Servs. Inc.*, No. 18-CV-5634, 2019 WL 5150207, *4 (E.D.N.Y. Aug. 5, 2019) (recommending denying default judgment for quantum meruit and unjust enrichment claims that were duplicative of the breach of contract claim), *report and recommendation adopted*, 2019 WL 5258394,

(E.D.N.Y. Sept. 20, 2019); *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501, 2016 WL 1255726, *4 (E.D.N.Y. Mar. 28, 2016) (granting default judgment for breach of contract, but denying default judgment as to alternative claims for unjust enrichment and account stated because such claims were duplicative of breach of contract).

F.     **Damages, Prejudgment Interest, and Costs**

Having found that the complaint establishes Defendant's liability as to the breach of contract cause of action, the Court will now address whether Plaintiff's motion is sufficient to award damages without a hearing or additional submissions.

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158.  Rather, a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded.  *See Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011).  A court may make this determination based upon evidence presented at a hearing, but a hearing is not always required.  *See* Fed. R. Civ. P. 55(b)(2); *Action S.A.*, 951 F.2d at 508; *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).  No hearing is necessary, for example, where, based "'upon a review of detailed affidavits and documentary evidence,'" the court is assured that there is an adequate basis for the damages sought.  *Cont'l Cas. Co.*, 2016 WL 1255726 at *6 (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)); *see McLean v. Wayside Outreach Dev. Inc.*, 624 Fed. Appx. 44, 45 (2d Cir. 2015) (observing that the district court did not abuse its discretion by failing to hold a hearing to determine damages where the court relied on "a

10

single affidavit only partially based upon real numbers") (quotation and internal quotation marks omitted).

Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citing *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 384 (2d Cir. 2006)). "A plaintiff may submit documentary evidence or detailed affidavits to support its damages claim." *Prime Contractors Inc. v. APS Contractors Inc.*, No. 22-CV-1581, 2024 WL 4824550, *14 (E.D.N.Y. Nov. 19, 2024) (citation omitted).

In the present matter, the Court finds that Plaintiff has failed to provide the necessary evidence to support an award of damages at this time. As stated in Plaintiff's verified complaint,[3] the total unpaid principal amount due is $123,236. *See* Dkt. No. 1 at ¶¶ 12, 26-30. Attached to the verified complaint is a Return Goods Authorization invoice which reflects that (1) $377,784 was prepaid by Plaintiff; (2) $154,548 of product was delivered by Defendant; and (3) as a result, a balance of $223,236 is due to be returned to Plaintiff as a refund for prepaid product that was not delivered. *See* Dkt. No. 1-1. The verified complaint states that $100,000 of the $223,236 balance was refunded, leaving a balance of $123,236 due and owing from Defendant. *See* Dkt. No. 1 at ¶¶ 16-17.

However, the only documentary evidence submitted by Plaintiff is the Return Goods Authorization invoice which was attached to the complaint. *See* Dkt. No. 1-1. Even if the Court

---

[3] Although, "[g]enerally, a verified complaint filed by a plaintiff has the force and effect of an affidavit," *Benson v. Quicknowledge, Inc.*, No. 5:08-CV-1215, 2010 WL 1930970, *3 n.3 (N.D.N.Y. May 10, 2010) (collecting cases), Plaintiff did not submit an affidavit by someone with personal knowledge of its damages with the current motion.

11

relied solely on the Return Goods Authorization to calculate damages, the complaint omits factual information that would allow the Court to do so. Indeed, although the complaint states that Plaintiff "has received $100,000 in refund payments," Dkt. No. 1 at ¶ 17, the complaint does not allege *when* such payments were made. Nor has Plaintiff submitted documentary evidence, such as invoices, which reflect the refund payments. Indeed, the Return Goods Authorization merely states that $223,236 is due to be returned to Plaintiff as a refund for prepaid product but does not reflect a $100,000 partial refund nor does it set forth the terms by which repayment was to be paid. *See* Dkt. No. 1-1.

Further, in its motion for default judgment, Plaintiff proposes that the Court fix the date of December 18, 2023, as the earliest ascertainable date the cause of action existed, for purposes of calculating prejudgment interest. *See* Dkt. No. 9-1 at ¶ 27. But the complaint contains no reference to December 18, 2023—this date appears for the first time in Plaintiff's default judgment motion papers without further elaboration. The allegations and documentary evidence indicate that the cause of action likely arose somewhere between February 16, 2023 (the date that Defendant agreed to return payment for undelivered product) and April 16, 2024 (the date of the first demand letter sent by Plaintiff). *See* Dkt. No. 1 at ¶¶ 15-19; Dkt. No. 1-1. However, with merely allegations of a range of fourteen months wherein the cause of action likely arose, the Court cannot ascertain the date the cause of action existed with reasonable certainty. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("The district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty") (citation omitted).

Finally, Plaintiff's request for costs is premature because damages must still be determined, and judgment has not been entered. Accordingly, this request in Plaintiff's motion is denied without prejudice to renewal.[4]

As such, Plaintiff's requests for damages, prejudgment interest, and costs is denied without prejudice. In any renewed application, Plaintiff shall provide the Court with a detailed affidavit or affidavits setting forth the basis of the damages requested, as well as any relevant documentary evidence. Specifically, Plaintiff should submit an affidavit from a person with personal knowledge, along with additional evidence, which more precisely establishes (1) the agreement by Defendant to refund the $223,236 for prepaid product that was not delivered; (2) the $100,000 in refund payments made by Defendant; (3) the earliest ascertainable date the cause of action existed, for purposes of calculating prejudgment interest; and (4) any other documentary evidence or sworn statements that would assist the Court in ascertaining the amount of damages with reasonable certainty.

### IV. CONCLUSION

After carefully considering the entire record in this matter, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 9) is **GRANTED** as to liability and **DENIED without prejudice** as to damages, prejudgment interest, and costs; and the Court further

---

[4] To recover costs, Plaintiff must, within thirty days after judgment is entered, file a bill of costs and any related accounting in compliance with in 28 U.S.C. § 1920, Rule 54 of the Federal Rules of Civil Procedure, and Rule 54.1 of the Local Rules

**ORDERS** that Plaintiff shall submit a supplemental memorandum, accompanied by an affidavit and evidence substantiating its claimed damages within **THIRTY (30) DAYS** from the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to comply with the terms of the Memorandum-Decision and Order within **THIRTY (30) DAYS**, the Clerk is directed to return this file to the Court which may issue a *sua sponte* order dismissing this action for failure to prosecute, failure to comply with this Court's Order, and/or failure to comply with the Federal and Local Rules; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 13, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge