UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREEN MOUNTAIN ELECTRIC SUPPLY
INC.,

                               **Plaintiff,**

   vs.                                                  1:24-CV-00874
                                                          (MAD/TWD)

ZERO DISTRIBUTION LLC,

                               **Defendant.**
_____

APPEARANCES:                                     OF COUNSEL:

**HARRIS BEACH MURTHA CULLINA**       **MEAGHAN FEENAN, ESQ.**
**PLLC**
677 Broadway - Suite 1101
Albany, New York 12207
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

On July 12, 2024, Plaintiff Green Mountain Electric Supply, Inc. commenced this action against Defendant Zero Distribution LLC, bringing claims for breach of contract, unjust enrichment, account stated, quantum meruit, and promissory estoppel. *See* Dkt. No. 1. On June 13, 2025, the Court granted Plaintiff's unopposed motion for default judgment as to liability for breach of contract and denied the motion as to damages, ordering Plaintiff to supplement its motion as to its claim for damages. *See* Dkt. No. 18. Currently before the Court is Plaintiff's submissions in support of its request for damages, which includes a memorandum of law, declarations, and documentary evidence. *See* Dkt. No. 19.

The Court assumes the parties' familiarity with the underlying allegations, as set forth in the complaint, the motion for default judgment, and the Court's June 13, 2025, Memorandum-Decision and Order. *See* Dkt. Nos. 1, 9, 13. In the complaint, Plaintiff alleges, as a result of Defendant's failure to deliver products pursuant to a Purchase Order and subsequent breach of a Return Goods Authorization invoice, it is owed $123,236.[1] *See* Dkt. No. 1 at ¶¶ 14-25. Plaintiff also seeks prejudgment interest and costs. *See* Dkt. No. 19 at 5-6.

In a declaration submitted by its Chief Executive Officer, Plaintiff provides a detailed explanation of the calculation of damages, including the payments made pursuant to the Purchase Order, Defendant's breach of the Purchase Order, the parties' agreement via the Return Goods Authorization for a refund of $223,236 for the undelivered pre-paid products, a partial refund of $100,000 made pursuant to the Return Goods Authorization, and Defendant's breach of the Return Goods Authorization by its failure to complete repayment in accordance therewith. *See* Dkt. No. 19-2. Plaintiff seeks $123,236 plus prejudgment interest from the date of December 18, 2023. *See* Dkt. No. 19 at 5-6.[2]

---

[1] There is a minor discrepancy throughout Plaintiff's filings; Plaintiff claims that the Return Goods Authorization reflected an amount of $223,236 owed, $100,000 in refund payments were made, and that the resulting balance due and owing is $123,326. *See, e.g.*, Dkt. No. 19 at 3-4. Of course, if $223,236 was owed, and $100,000 was paid, the balance due and owing would be $*123,236* (and, alternatively, if $223,326 was owed, the figure $123,326 would be correct). To clear up the "236" versus "326" dilemma, the Court notes that the evidence submitted supports the conclusion that $123,236 is the correct damages figure at issue. *See* Dkt. No. 19-3 at 13 (Return Goods Authorization reflecting a balance of $223,236 due); Dkt. No. 19-7 at 2 (Plaintiff's Chief Executive Officer noting $123,236 remained due in an email dated January 8, 2024, after the $100,000 in refund payments had been made as of December 18, 2023).

[2] Plaintiff has clarified that, although the Purchase Order was breached on February 16, 2023, the last date on which Plaintiff received a refund payment from Defendant pursuant to the Return Goods Authorization was December 18, 2023. *See* Dkt. No. 19 at 5 and n.1. Thus, Plaintiff considers December 18, 2023, to be the earliest ascertainable date that its cause of action for breach of contract accrued for breach of the Return Goods Authorization and seeks prejudgment interest from that date. *See id.* The Court agrees.

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.*, No. 06-CV-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55(b)). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citations omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90. "Therefore, even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

Here, the Court finds Plaintiff has established that it is entitled to judgment in its favor in the amount of $123,236. In February 2023, Defendant breached the Purchase Order by indicating to Plaintiff that Defendant no longer had the materials it needed to complete the Purchase Order as agreed. *Se*e Dkt. No. 19-2 at ¶ 8. Thereafter, the parties agreed to cancel the remainder of the Purchase Order and Defendant agreed, via the Return Purchase Authorization, to refund Plaintiff the $223,236 balance paid by Plaintiff for which products were not received. *See id.* at ¶ 9; Dkt. No. 19-3 at 13. Between October 30, 2023, and December 18, 2023, Defendant made three refund payments to Plaintiff totaling $100,000, leaving a remaining balance of $123,236 due and owing from Defendant to Plaintiff. *See* Dkt. No. 19-2 at ¶¶ 10-14; Dkt. No. 19-5; Dkt. No. 19-6. Plaintiff did not receive any further refund payments from Defendant. Dkt. No. 19-2 at ¶ 15. In the months following, Defendant made repeated promises that it would repay Plaintiff the remaining balance of $123,236 but failed to do so. *See id.* at ¶¶ 16-20; Dkt. No. 19-7; Dkt. No. 19-8.

"'Under New York law, a prevailing party in a breach of contract case is entitled to prejudgment interest at the statutory rate from the date of breach to the entry of judgment.'" *AKF, Inc. v. Royal Pets Mkt. & Resort Holdings, LLC*, No. 1:22-CV-346, 2023 WL 2895152, *2 (N.D.N.Y. Apr. 10, 2023) (quoting *Sriraman v. Patel*, 761 F. Supp. 2d 23, 26 (E.D.N.Y. 2001)); *see* N.Y. C.P.L.R. § 5001. As a federal district court sitting in diversity, this Court is bound by this substantive provision of New York law. *See Sriraman*, 761 F. Supp. 2d at 26 (citing *FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 147 (2d Cir. 2010)).

The statutory rate for prejudgment interest in a breach of contract action in New York is nine percent per year. *See* N.Y. C.P.L.R. § 5004. As to the date from which interest is computed, N.Y. C.P.L.R. § 5001(b) provides as follows:

4

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

Accordingly, the Court grants Plaintiff's renewed request for default judgment in the amount of $123,236, along with prejudgment interest calculated at nine percent per annum beginning at the earliest ascertainable date of breach of December 18, 2023, *see* Dkt. No. 19-2 at ¶¶ 13-15, through the date of this judgment.

After carefully considering the entire record in this matter, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's renewed request for default judgment (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor in the amount of $123,236 in addition to prejudgment interest at the rate of nine percent per annum from December 18, 2023, until the date of this order; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 3, 2025
      Albany, New York

                                                  Mae A. D'Agostino
                                                  U.S. District Judge